# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARLENE JONES, Derivatively on Behalf of Nominal Defendant QUANTUMSCAPE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH, FRANK BLOME, BRAD BUSS, JOHN DOERR, JÜRGEN LEOHOLD, JUSTIN MIRRO, DIPENDER SALUJA, J.B. STRAUBEL, and JENS WIESE,<br><br>Defendants. | C.A. No. 24-cv-237-MN |

## STIPULATION AND ORDER TO STAY PROCEEDINGS

WHEREAS:

A.     On February 22, 2024, Plaintiff Darlene Jones ("Plaintiff") filed this action, purportedly on behalf of nominal defendant QuantumScape Corporation ("QuantumScape") (the "Derivative Action");

B.     There is a factually related securities class action captioned *In re QuantumScape Securities Class Action Litigation,* Case No. 3:21-CV-00058-WHO (the "Securities Class Action"), pending in the Northern District of California before Judge William H. Orrick;

C.      QuantumScape, Jagdeep Singh, Timothy Holme, and Kevin Hettrich, named defendants in the Securities Class Action, are also named as defendants or the nominal defendant in the Derivative Action;

D.      Counsel for the parties in the Derivative Action have conferred regarding the status of this litigation and the appropriate next steps;

E.      Based upon the overlapping defendants and factual allegations contained in the Derivative Action and the Securities Class Action, and to avoid the unnecessary expenditure of judicial resources, the parties to the Derivative Action have agreed, subject to this Court's approval, to a limited stay of the Derivative Action until such time that the Securities Class Action has been resolved;

F.      The parties therefore respectfully submit that such a stay of the Derivative Action is appropriate;

WHEREFORE, the parties, through their undersigned counsel stipulate and agree, subject to the approval of the Court, as follows:

1.      Except as noted below, all proceedings in the Derivative Action, including any motions practice, obligation to respond to the complaint and any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, are hereby stayed until the resolution of the Securities Class Action.

2.    During the stay, Plaintiff may file amended complaints, but Defendants need not answer, move, or otherwise respond thereto during the pendency of the stay.

3.    Defendants shall promptly notify Plaintiff of any related derivative actions that they become aware of after entry of this stipulation. Defendants shall promptly notify Plaintiff if any related stockholder derivative action is not stayed for the same duration as the stay of the Derivative Action. Plaintiff may lift the stay upon twenty (20) days' notice to Defendants' undersigned counsel by email in the event any related derivative action is not stayed for the same duration as the stay of the Derivative Action.

4.    Within ten (10) days of entry of this stipulation as an order of the Court, the parties agree to confer regarding the scope and terms of document production, if any, that is to occur during the pendency of this stay.

5.    Plaintiff shall be included in any mediation and in any formal settlement talks between the parties in any related derivative actions or related threatened derivative matters that involve any of the Defendants named in this Derivative Action. Upon termination of the stay, Defendants shall not move to stay the Derivative Action in deference to another derivative action.

6.      Any of the parties can terminate the stay by providing twenty (20) days'
written notice by email to all other parties' undersigned counsel that they no longer
consent to the voluntary stay of the Derivative Action.

7.      Within twenty (20) days after the termination of the stay, the parties
shall confer and submit a proposed scheduling order governing Defendants' time to
respond to the operative complaint and the other further proceedings in the
Derivative Action.

8.      Nothing in this stipulation shall be construed as a waiver of, or
prejudice to, any claim, defense, argument, motion or any other request for relief
that any party would otherwise have in the Derivative Action.

Dated:  April 24, 2024

| | |
|---|---|
| MELUNEY ALLEMAN & SPENCE, LLC | WILSON SONSINI GOODRICH & ROSATI, P.C. |

*/s/ William M. Alleman, Jr.*  
William M. Alleman, Jr. (#5449)  
1143 Savannah Road, Suite 3-A  
Lewes, DE 19958  
(302) 551-6740  
bill.alleman@maslawde.com

MORRIS KANDINOV LLP  
Leonid Kandinov  
Andrew Robertson  
550 West B Street, 4th Floor  
San Diego, CA 92101  
(877) 216-1552  
leo@moka.law  
andrew@moka.law

*Counsel for Plaintiff Darlene Jones*

*/s/ Andrew D. Cordo*  
Andrew D. Cordo (#4534)  
Jessica A. Hartwell (#5645)  
Andrew D. Berni (#6137)  
222 Delaware Avenue, Suite 800  
Wilmington, DE 19801  
(302) 304-7600  
acordo@wsgr.com  
jhartwell@wsgr.com  
aberni@wsgr.com

*Counsel for Defendants Jagdeep Singh, Fritz Prinz, Timothy Holme, Kevin Hettrich, Frank Blome, Brad Buss, John Doerr, Jürgen Leohold, Justin Mirro, Dipender Saluja, J.B. Straubel, Jens Wiese and Nominal Defendant QuantumScape Corporation*

**SO ORDERED** this __25th__ day of April, 2024.

_____  
The Honorable Maryellen Noreika  
United States District Judge

5